<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

ISRAEL HERNANDEZ,

               Petitioner,

        v.

S. MERENDINO,

               Respondent.

Civil Action No. 22-5890 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Israel Hernandez pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 8), to which Petitioner did not reply. (ECF Docket Sheet.) For the following reasons, this Court will deny the petition.

### I.     BACKGROUND

Petitioner is a federal prisoner currently serving a 120 month sentence issued on May 20, 2019 in the Central District of California for drug and firearms charges. (ECF No. 8-1 at 2.) In his current petition, he asks this Court to correct his current sentence calculation to provide him additional pre-sentence jail credits for the period he spent in custody between September 22, 2016, and December 24, 2017, while he was in state custody but on loan to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. (*Id.* at 1; ECF No. 1-2 at 1-2.) The BOP denied him credits for this time period because it considers him to have been in state custody during this period,

with the time credited towards the completion of his state sentence. (ECF No. 1-2; ECF No. 8-1 at 2.)

The background of Petitioner's current period of incarceration begins on December 4, 2014, when he was arrested on drug charges in California. (ECF No. 8-1 at 1.) He was released on bond the following day, and those state charges were ultimately dismissed in favor of federal prosecution in July 2016. (*Id.*) Petitioner remained on bond until October 13, 2015, when Petitioner was arrested on two additional sets of drug charges by California state authorities. (*Id.* at 2.) Petitioner was thereafter indicted in June 2016 on federal drug charges arising out of the 2014 arrest. (*Id.*) However, Petitioner remained in state custody during this time.

On July 14, 2016, Petitioner was sentenced to two prison terms on his 2015 drug charges – a two year term on one charge, and a five year term on the remaining charge, subject to jail credits for the time he had spent in jail between October 2015 and July 2016. (*Id.*) Petitioner was moved from a state jail to a state prison on August 8, 2016, and began to serve these sentences. (*Id.*)   On September 22, 2016, Petitioner was loaned into federal custody pursuant to a federal writ of habeas corpus *ad prosequendum* to face his federal indictment. (*Id.*) Although Petitioner remained in primary state custody at that time, on December 24, 2017, he was released from his state sentence on December 24, 2017, and entered primary federal custody, where he remained until he was sentenced on his federal charges in May 2019. (*Id.*) Although he recognizes that he received state credit while on loan to federal authorities for prosecution, Petitioner now seeks to receive additional jail credits for the period that he was on loan to federal authorities for prosecution between September 2016 and his release from state custody on December 24, 2017. (*See* ECF No. 1-2 at 1-12.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

In his current petition, Petitioner argues that the BOP has miscalculated his sentence as the BOP refuses to provide him jail credit for the period during which he was in primary state custody and loaned to federal custody for prosecution prior to the expiration of his state sentence in December 2017. The BOP has denied him these credits as he already received credit towards his state sentence during this period and was in primary state custody until his release into full federal custody in December 2017, and the BOP is statutorily prohibited from providing Petitioner with credits for time which was already credited towards a state sentence. As the Third Circuit has made clear, a "state prisoner transferred to federal custody under a writ *ad prosequendum* to answer federal charges is considered 'on loan' to federal authorities and remains in primary custody of the state 'unless and until the first sovereign relinquishes jurisdiction." *Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) (quoting *Ruggiano v. Reish*, 307 F.3d 121, 125 n. 1 (3d Cir. 2002)). In such a situation primary custody will not shift to become federal custody unless one of four things happens – release on bail on the state charges, dismissal of the state charges, parole on the state sentence, or expiration of the state sentence. *Id.* Here, Petitioner's state sentence did not conclude until he was released from it in December 2017, therefore, Petitioner remained in primary state custody for the entire period for which he now requests credits. *Id.*

3

Because Petitioner's federal sentence did not begin until the day it was imposed, *see* 18 U.S.C. 3585(a), the question presented here is only whether Petitioner is entitled to prior custody credits towards the sentence issued in 2019 for the period during which he remained in primary state custody between September 2016 and December 2017. Section 3585(b), however, provides that while a defendant should be provided credit towards his sentence for "any time he has spent in official detention prior to the date his sentence commences" which arises either out of the charge for which he was sentenced or one committed after that offense, such credits are expressly limited – they may not be granted if they have been "credited against another sentence." "In other words, a federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence." *Williams v. Zickefoose*, 504 F. App'x 105, 107 (3d Cir. 2012). "Section 3583(b) makes clear that prior custody credit cannot be double counted" and a prisoner may therefore *not* receive credit towards his federal sentence for any period of custody which was *already* applied to satisfy a state sentence. *Id.* (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)).

In this case, although Petitioner was loaned to federal authorities in September 2016, he remained in primary state custody, and the period between September 22, 2016, and December 24, 2017, was directly credited to his state sentences, resulting in his release from state custody on December 24, 2017. As the time was previously credited towards his state sentences, the BOP is expressly prohibited by statute from "double counting" that time and applying it to his federal sentence in the form of prior custody credits. *See* 18 U.S.C. § 3583(b); *Wislon*, 503 U.S. at 337; *Williams*, 504 F. App'x at 107. None of the statutes or equitable concerns to which Petitioner vaguely alludes in his petition change this fact, which ultimately controls the outcome of this case.

4

Petitioner cannot receive jail credit for the time in question. Thus, the BOP did not err in denying him jail credits.  Petitioner's habeas petition is therefore denied.[1]

## IV.     <u>CONCLUSION</u>

In conclusion, Petitioner's habeas petition (ECF No. 1) is denied.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[1] Petitioner also makes allegations in his petition regarding the slow nature of the responses he received from the BOP to grievances he filed.  As the parties do not dispute that Petitioner fully exhausted his current claim, and any defect in the grievance process cannot serve as a proper basis for habeas relief in this matter, *see Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (delay in post-sentencing proceedings may warrant a damages award under federal civil rights laws, but provides no basis for habeas relief), and because it is not clear that Petitioner wished to raise this issue as a basis for relief, this Court does not construe the petition as raising a claim related to these delays.  However, to the extent Petitioner did intend to raise such a claim, that claim is denied because it serves as no basis for habeas relief as the outcome of such a claim can have no effect on the fact, length, or execution of Petitioner's sentence. *Id.*